IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WLADISLAW PROKOPCZUK, and <br> MARIAN WASCO, individually <br> and on behalf of all others similarly situated <br><br> Plaintiffs <br><br> v. <br><br> A WAREHOUSE ON WHEELS, INC. <br> an Illinois Corporation, and <br> KERRY FIERKE <br> Defendants | Case No. FILED: MAY 1, 2008 <br> 08cv2502 j. n. <br> Judge: JUDGE MANNING <br> Magistrate Judge: MAG. JUDGE VALDEZ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Named Plaintiffs, WLADISLAW PROKOPCZUK ("PROKOPCZUK") and MARIAN WASCO ("WASCO"), individually and on behalf of all others similarly situated, by and through their attorneys, Bellas & Wachowski, for their Complaint against A WAREHOUSE ON WHEELS, INC., an Illinois corporation ("WAREHOUSE") and KERRY FIERKE ("Fierke") state as follows:

## PRELIMINARY STATEMENT

1.  This is a collective and class action brought by the Named Plaintiffs Wladislaw Prokopczuk and Marian Wasco, on their own behalf and on behalf of the proposed class identified below pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et.*

*seq.* ("IWPCA") for the Defendants' failure to pay overtime wages to the Plaintiff for all hours worked in excess of forty (40) in a single workweek. During the three years prior to this action's filing date through the date of final disposition of this action, (the "Liability Period") the named Plaintiffs and the putative class members have been or are employed as "mechanics, welders, installers" or other hourly employees and were simply and wrongfully denied overtime compensation for all hours worked in excess of forty (40) in a single workweek by the Defendants. The Defendants' actions were willful and had the effect of denying the Plaintiffs their rightful overtime wages.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207 and the Portal to Portal Act, 29 U.S.C. § 251 *et. seq.*, 28 U.S.C. § 1331, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in the Northern District of Illinois in that the Defendants are engaged in business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4.      Plaintiff Prokopczuk is an Illinois resident, residing at 5039 W. 52nd Street, #3C, Chicago, Illinois. He was employed by the Defendants from approximately 1997 until his termination on February 8, 2008. At all times relevant hereto, the Plaintiff was classified as a "non-exempt"

employee by his employer.

5. Plaintiff Wasco is an Illinois resident, residing at 4818 W. Hutchinson, Chicago, Illinois. He was employed by the Defendants from approximately September 9, 2005 until his termination on March 20, 2008.

6. Defendant Warehouse is an Illinois corporation, duly licensed and authorized to conduct business in the state of Illinois by the Illinois Secretary of State. Warehouse conducts business from its location at 12315 S. New Avenue, Lemont, Illinois.

7. During the Liability Period, Warehouse was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and IMWL.

8. Defendant Fierke is an Illinois resident, residing at 5320 Cone Flower Drive, Naperville, Illinois. Defendant Fierke was and is an officer, owner and operator of Warehouse during the Liability Period and is an individual acting in the interests of Defendant Warehouse and is therefore individually liable for violations of the FLSA and IMWL.

9. During the Liability Period, Defendant Fierke was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and IMWL.

10. The Defendants are and were, at all pertinent times, "enterprises" as defined by the FLSA.

11. The Defendants were, at all pertinent times, directly engaged in interstate commerce and the products sold by the Defendants were, at all pertinent times, traveled and shipped from within and outside of the State of Illinois.

12. The Defendants also handled, sold, or otherwise worked on goods or materials that have

or had been moved in or produced for commerce.

13. At all relevant times herein, the Plaintiffs, and the class they represent, were employed by the Defendants, were paid on an hourly basis, and were "employees" within the meaning of the FLSA.

14. The Plaintiffs and the class they represent were suffered or permitted to work by the Defendants.

15. The Defendants controlled the manner and means of the work performed by the Plaintiffs and the class they represent.

16. The Plaintiffs and the class they represent were subject to supervision and oversight by the Defendants.

17. During the course of their employment by the Defendants, the Plaintiffs and the class they represent were not exempt from the overtime wage provisions of the Fair labor Standards Act, 29 U.S.C. §207.

18. The Plaintiffs, and all other members of the Plaintiffs' class, known and unknown, at all pertinent times to this cause of action, were employed by the Defendants, and said employment is and was integral and indispensable to the Defendants' business.

19. The Plaintiffs have signed a "Consent to Become a Party Plaintiff" under the Fair Labor Standards Act, copies of which are attached as "Exhibits 1 and 2" respectively.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. §216 (b), this action may be maintained by the Plaintiffs' class, or anyone for and on behalf of themselves and other plaintiffs similarly situated, who have been

damaged by the Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*

21. There exist past and present employees of the Defendants who are similarly situated to the Plaintiffs in that those similarly situated employees have performed the same or similar job duties as the Named Plaintiffs and have been compensated in the same or similar manner as the Named Plaintiffs.

22. For all members of the Plaintiffs' class to be fully aware of their rights to join this cause of action, a certain time period as determined by the Court is necessary to send notice to the entire Plaintiffs Class, as well as certain additional time fo those members to file consent forms as provided by 29 U.S.C. §216 (b).

23. Pursuant to 29 U.S.C. § 216 (b), the Court should, in addition to any judgment awarded to the Plaintiffs' Class, allow reasonable attorneys fees and costs of this action to be paid by the Defendants.

24. In order to bring this cause of action, it has become necessary for the Named Plaintiffs and will become necessary for other members of the Plaintiffs Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

25. There are questions of fact and law common to the class, which common questions predominate over any questions solely affecting individual members of the class, including but not limited to:

    a. Whether the Defendants unlawfully failed to pay overtime compensation in violation of the FLSA and IMWL;

    b. Whether the named Plaintiffs and members of the class are "exempt" employees entitled to overtime compensation for overtime hours worked under the overtime

pay requirements of the FLSA and IMWL;

c. Whether the Defendants employed the Named Plaintiffs and the class members within the meaning of the FLSA and IMWL;

d. Whether the Defendants failed to keep accurate time records for all hours worked by the named Plaintiffs and the class members in violation of the FLSA and IMWL;

e. The proper measure of damages sustained by the class;

f. Whether the Defendants' violation of law constitutes oppressive, fraudulent, and/or malicious conduct sufficient to support an award of punitive damages; and

g. Whether the Defendants' actions were willful.

26. The named Plaintiffs will fairly and adequately protect the interest of the class members and have retained counsel experienced in complex wage and hour class and collective action litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a large corporate Defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

## GENERAL FACTUAL ALLEGATIONS

28. The allegations of Paragraphs 1 through 27 are incorporated as if fully stated herein.

29. At all pertinent times Plaintiff Prokopczuk satisfactorily performed his job duties for the

Defendants. He was paid an hourly wage.

30.     At all pertinent times Plaintiff Wasco satisfactorily performed his job duties for the Defendants. He was paid an hourly wage.

31.     The Plaintiffs and the class they represent regularly worked in excess of forty (40) hours in a single work week.

32.     On the occasions where the Plaintiffs and the class they represent worked more than forty (40) hours in a single work week for the Defendants, they were not paid for all the hours they worked in excess of forty (40) at a rate of one and one half times their regular rate of pay.

33.     The Defendants were aware that the Named Plaintiffs and the class they represent do not receive overtime compensation for hours worked in excess of forty (40) in a single workweek.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

34.     The Plaintiffs re allege and incorporate by reference the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

35.     During their employment with the Defendants, within the Liability Period, the Named Plaintiff and the other class members worked in excess of forty (40) hours in a workweek for the Defendants without overtime compensation.

36.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and the Portal to Portal Act, 29 U.S.C. § 251 et. seq., the Plaintiffs, and all other plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek during the two years preceding the filing of this Complaint.

37. The Defendants' failure to pay overtime compensation to the named Plaintiffs and the Class they represent at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek is a violation of the fair Labor Standards Act.

WHEREFORE, The Plaintiffs, individually and on behalf of the class members, known and unknown, respectfully request that this Court enter an Order as follows:

a) Award a judgment equal to the amount of unpaid overtime compensation for the two years preceding the filing of this Complaint, according to the applicable statute of limitations;

b) Awarding prejudgment interest with respect to the total amount of the unpaid overtime compensation;

c) The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek;

d) Awarding Plaintiffs' reasonable attorneys fees and costs incurred as a result of the Defendants' violation of the Fair Labor Standards Act;

e) Leave to add or amend claims under applicable state laws;

f) For such other, additional and further relief as the Court deems appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs

1 through 37 as though fully set forth herein as paragraphs 1 through 37 of Count II.

39.    The Defendants have, both in the past and presently, willfully failed to pay the Plaintiffs and the class they represent, for hours worked in excess of forty (40) hours per week at a rate equal to one and one half times their regular rate of pay, despite the fact that the Defendants knew, or should have known, of the requirements of the Fair labor Standards Act.

40.    The Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

41.    Pursuant to the Fair Labor Standards Act, the Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate of not less than one and one half times their regular rates of pay for all hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, The Plaintiffs individually and on behalf of the class members, known and unknown, respectfully ask this Court to enter an Order as follows:

    a.)    Awarding a judgment in an amount equal to all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

    b.)    Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

    c.)    The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek;

    d.)    Awarding Plaintiffs' reasonable attorneys fees and costs incurred as a result of the

                Defendants' violation of the Fair Labor Standards Act;

e.)    Leave to add or amend claims under applicable state laws; and

f.)    Such other, additional and further relief as this Court deems appropriate and just under the circumstances.

### THIRD CLAIM FOR RELIEF
### LIQUIDATED DAMAGES

42.    The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs 1 through 41 as though fully set forth herein as Paragraphs 1 through 41 of Count III.

43.    In denying the Plaintiffs and members of the Plaintiffs' class compensation at a rate of one and one half times their regular rates of pay for hours worked over forty (40) in a single workweek, the Defendants' acts were not based upon good faith or reasonable grounds.

44.    The Plaintiffs and all other similarly situated employees, past or present, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, the Plaintiffs, on behalf of themselves and all others similarly situated, known or unknown, respectfully request this Court to enter an Order as follows:

a.)    Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

b.)    Awarding Plaintiffs' reasonable attorneys fees and costs incurred as a result of the Defendants' violation of the Fair Labor Standards Act.

c.)    Leave to add or amend claims under applicable state laws; and

d.)    Such other, additional and further relief as this Court deems appropriate and just

under the circumstances.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

45.   The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs 1 through 44 as though fully set forth herein as Paragraphs 1 through 44 of Count IV.

46.   There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et. seq.* which requires employers to pay employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one half times the employee's regular hourly rate.

47.   This Court has jurisdiction over the Illinois State claim by virtue of 29 U.S.C. § 1367.

48.   Plaintiffs bring this cause of action as an individual and as a class action on behalf of themselves and all others similarly situated pursuant to 735/ILS 5/3-801.

49.   The class is defined as:

> "All persons employed by the Defendants within the last three years who have worked over forty (40) hours in an individual workweek but were not paid overtime wages or who were incorrectly paid overtime wages under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL").

50.   The named Plaintiffs bring this cause on their own behalf and, pursuant to 735 ILCS 5/2-801 (1993), on behalf of all persons, or their representatives, as indicated above in the class definition.

51.   The class that the named Plaintiffs seek to represent is so numerous that joinder of all members is impracticable.

52.   There are questions of fact and law common to the class which common questions predominate over any questions affecting only individual members.

53.　The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class.

54.　The class action is an appropriate method for the fair and efficient adjudication of this controversy.

55.　At all relevant times herein, the Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3 (c) and the Named Plaintiffs and the class they represent were 'employees" within the meaning of that Act.

56.　Pursuant to 820 ILCS 105/4(a), for all weeks in which the named Plaintiffs and the class they represent worked in excess of forty (40) hours, they were entitled to be compensated at one and one half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

57.　The Defendants violated the Illinois Minimum Wage Law by refusing to compensate the Named Plaintiffs and the class they represent at their normal rate of pay for hours worked in excess of forty (40) hours per week. The Defendants failed and refused to pay the Named Plaintiffs and the class they represent overtime pay.

58.　Pursuant to 820 ILCS 105/12(a), the Named Plaintiffs and the class they represent are entitled to recover unpaid wages for three (3) years prior to the filing of this Complaint, plus punitive damages in an amount of two percent (2%) per month of the amount of the under payments.

59.　The aforementioned Illinois statute also provides for a statute of limitations of three (3) years from the date of the underpayment of the wage, without qualification.

60.　The aforementioned Illinois statute also provides for the Plaintiffs to recover the amount

of the wage underpayment as well as costs and reasonable attorneys fees as may be allowed by the Court.

61. The Defendants failure to pay the Named Plaintiffs and the class they represent time and one half for hours worked in excess of forty (40) in a single workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, the Plaintiffs, on behalf of themselves and all others similarly situated, known or unknown, respectfully request this Court to enter an Order as follows:

- a.) Award a judgment in the amount of one and one half times their normal hourly rate of pay for all hours worked in excess of forty (40) in a single work week;
- b.) Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);
- c.) Award prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;
- d.) Awarding Plaintiffs' reasonable attorneys fees and costs incurred as a result of the Defendants' violation of the Act;
- e.) For such other, additional and further relief as the court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Date: <u>May 1, 2008</u>

                          Respectfully submitted,

                          Wladislaw Prokopczuk, and
                          Marian Wasco, individually and
                          on behalf of all similarly situated
                          individuals.

                          BY: <u>/s/ William P. Boznos</u>
                                One of the Plaintiffs' Attorneys

George S. Bellas *(george@bellas-wachowski.com)*
William P. Boznos *(bill@bellas-wachowski.com)*
Bellas & Wachowski
Attorneys for Plaintiffs
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030