**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WLADISLAW PROKOPCZUK, and MARIAN WASCO, Individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 CV 2502 |
| v. | ) ) | Judge Manning |
| A WAREHOUSE ON WHEELS, INC. An Illinois Corporation and KERRY FIERKE | ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) ) | JURY DEMAND TRIAL |

## DEFENDANTS' REQEUST FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, *INSTANTER*

Defendants, A Warehouse on Wheels, Inc. and Kerry Fierke by its attorney, Sean F. Darke, seek an order granting its motion to amend their answer in accordance with the Federal Rules of Civil Procedure.

1.     On May 1, 2008, Plaintiffs filed a complaint against Defendants alleging violations regarding overtime wages under the Fair Labor Standards Act and the Illinois Minimum Wage Act.

2.     On May 9, 2008, Plaintiffs filed an amended Complaint, which included a retaliation claim against Defendants.

3.     June 6, 2008, Defendants executed a waiver of service that allowed them to file its answer sixty (60) days after the notice of waiver.

4.     On June 20, 2008, the Illinois Department of Labor, Fair Labor Standards Division, performed an audit on Defendants business, in which the Illinois Department of Labor found no violations and stated that Defendants are exempt under the Motor Carrier Act.

5.      On June 25, 2008, prior to becoming aware of the above audit, Defendants filed its answer to Plaintiffs amended complaint.

6.      Because of this new matter and after reviewing the first Answer filed, Defendants are seeking leave from this court to amend its answer to include answers and defenses in accordance with this new information.  The Amended Answer that Defendants are requesting leave to file is attached to this motion.

7.      Further, the parties have not conducted any discovery, and in fact, this matter has yet to conduct its first initial status conference.  The Plaintiffs would not be prejudiced if this motion is granted, however, Defendants would be greatly prejudiced if not allowed to present its answers and defenses based on this new information.

Defendants request an order granting its motion for leave to file an amended answer, instanter.

Dated: July 21, 2008

Respectfully submitted,

**A WAREHOUSE ON WHEELS, AND KERRY FIERKE**

By:  _s/ Sean F. Darke_____
            One of Defendants' Attorneys

Sean F. Darke, Esq. (ARDC #6285312)
WESSELS PAUTSCH SHERMAN P.C.
33 W. Monroe Street, Suite 1120
Chicago, IL  60603
(312) 629-9300 (Telephone)
(312) 629-9301 (Facsimile)

**ATTORNEY FOR DEFENDANTS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WLADISLAW PROKOPCZUK, and<br>MARIAN WASCO, Individually<br>and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | Case No. 08 CV 2502 |
| v. ) | Judge Manning |
| A WAREHOUSE ON WHEELS, INC. ) | Magistrate Judge Valdez |
| An Illinois Corporation and KERRY FIERKE ) | |
| Defendants. ) | JURY DEMAND TRIAL |

### CERTIFICATE OF SERVICE

The undersigned certifies that on July 21, 2008, he served a true and correct copy of

**DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER TO**

**PLAINTIFFS' FIRST AMENDED COMPLAINT,** *INSTANTER* to the Clerk of the Court for

filing and uploading to the CM/ECF system which will send notification of such filing upon the

following individual(s):

> William Bonzos
> George S. Bellas
> Bellas & Wachowski
> 15 North Northwest Highway
> Park Ridge, Illinois 60068

> s/ Sean F. Darke
> Sean F. Darke

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WLADISLAW PROKOPCZUK, and MARIAN WASCO, Individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 CV 2502 |
| v. | ) ) | Judge Manning |
| A WAREHOUSE ON WHEELS, INC. An Illinois Corporation and KERRY FIERKE | ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) ) ) | JURY DEMAND TRIAL |

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, A WAREHOUSE ON WHEELS, INC., and KERRY FIERKE by and through their attorneys, Wessels Pautsch & Sherman P.C., by Sean F. Darke, for their Amended Answer to Plaintiffs' First Amended Complaint, states as follows:

### PRELIMINARY STATEMENT

1.        This is a collective and class action brought by the Named Plaintiffs Wladislaw Prokopczuk and Marian Wasco, on their on own behalf and on behalf of the proposed class identified below pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.*("IWPCA") for the Defendants' failure to pay overtime wages to the Plaintiff for all hours worked in excess of forty (40) in a single workweek. During the three years prior to this action's filing date through the date of final disposition of this action, (the "Liability Period") the named

Plaintiffs and the putative class members have been or are employed as "mechanics, welders, installers" or other hourly employees and were simply and wrongfully denied overtime compensation for all hours worked in excess of forty (40) in a single workweek by the Defendants. The Defendants' actions were willful and had the effect of denying the Plaintiffs their rightful overtime wages.

      **ANSWER:**   Defendants admit that Plaintiffs purport to bring an action under both Federal and State law regarding the nonpayment of overtime, but Defendants deny the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

      2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, including §§ 206 and 207 and the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*, 28 U.S.C. § 1131, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

      **ANSWER:**   Defendants admit.

      3.     Venue lies in the Northern District of Illinois in that the Defendants are engaged in business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in the District.

      **ANSWER:**   Defendants admit.

## THE PARTIES

      4.     Plaintiff Prokopczuk is an Illinois resident, residing at 5039 W. 52nd Street, #3C, Chicago, Illinois. He was employed by the Defendants from approximately 1997 until his

termination on February 8, 2008. At all times relevant hereto, the Plaintiff was classified as a "non-exempt" employee by his employer.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, but admit that Defendant hired Plaintiff on approximately from 1997 through February 8, 2008 and further denies all remaining allegations.

5.    Plaintiff Wasco is an Illinois resident, residing at 4818 W. Hutchinson, Chicago, Illinois. He was employed by the Defendants from approximately September 9, 2005 until his termination on March 20, 2008.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, but admits that Defendant hired Plaintiff on approximately from September 2005 through March 2008 and further denies all remaining allegations.

6.    Defendant Warehouse is an Illinois corporation, duly licensed and authorized to conduct business in the state of Illinois by the Illinois Secretary of State. Warehouse conducts business from its location at 12315 S. New Avenue, Lemont, Illinois.

> **ANSWER:** Defendants admit.

7.    During the Liability Period, Warehouse was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and IMWL.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.    Defendant Fierke is an Illinois resident, residing at 5320 Cone Flower Drive, Naperville, Illinois. Defendant Fierke was and is an officer, owner and operator of Warehouse during the Liability Period and is an individual acting in the interests of Defendant Warehouse and is therefore individually liable for violations of the FLSA and IMWL.

**ANSWER:** Defendants admit that Mr. Fierke is an Illinois resident and owner of Defendant, but denies all remaining allegations in Paragraph 8.

9.    During the Liability Period, Defendant Fierke was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and IMWL.

**ANSWER:** Defendants deny.

10.    The Defendants are and were, at all pertinent times, "enterprises" as defined by the FLSA.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    The Defendants were, at all pertinent times, directly engaged in interstate commerce and the products sold by the Defendants were, at all pertinent times, traveled and shipped from within and outside of the State of Illinois.

**ANSWER** Defendants admit.

12.    The Defendants also handled, sold, or otherwise worked on goods or materials that have or had been moved in or produced for commerce.

**ANSWER:**    Defendants admit.

13.    At all relevant times herein, the Plaintiffs, and the class they represent, were employed by the Defendants, were paid on an hourly basis, and were "employees" within the meaning of the FLSA.

**ANSWER:**    Defendants admit.

14.    The Plaintiffs and the class they represent were suffered or permitted to work by the Defendants.

**ANSWER:**    Defendants deny the Plaintiffs suffered, but admit the remaining allegations contained in Paragraph 14.

15.    The Defendants controlled the manner and means of the work performed by the Plaintiffs and the class they represent.

**ANSWER:**    Defendants admit.

16.    The Plaintiffs and the class they represent were subject to supervision and oversight by the Defendants.

**ANSWER:**    Defendants admit.

17.    During the course of their employment by the Defendants, the Plaintiffs and the class they represent were not exempt from the overtime wage provisions of the Fair labor Standards Act, 29 U.S.C. §207.

**ANSWER:**    Defendants deny.


18.    The Plaintiffs, and all other members of the Plaintiffs' class, known and unknown, at all pertinent times to this cause of action, were employed by the Defendants, and said employment is and was integral and indispensable to the Defendants' business.

**ANSWER:**    Defendants admit.


19.    The Plaintiffs have signed a "Consent to Become a Party Plaintiff" under the Fair Labor Standards Act, copies of which are attached as "Exhibits 1 and 2" respectively.

**ANSWER:**    Defendants admit.


**COLLECTIVE ACTION ALLEGATIONS**

20.    Pursuant to 29 U.S.C. §216 (b), this action may be maintained by the Plaintiffs' class, or anyone for and on behalf of themselves and other plaintiffs similarly situated, who have been damaged by the Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*

**ANSWER:**    Defendants admit.


21.    There exist past and present employees of the Defendants who are similarly situated to the Plaintiffs in that those similarly situated employees have performed the same or

similar job duties as the Named Plaintiffs and have been compensated in the same or similar manner as the Named Plaintiffs.

**ANSWER:**    Defendants admit.


22.    For all members of the Plaintiffs' class to be fully aware of their rights to join this cause of action, a certain time period as determined by the Court is necessary to send notice to the entire Plaintiffs Class, as well as certain additional time for those members to file consent forms as provided by 29 U.S.C. §216 (b).

**ANSWER:**    Defendants deny.


23.    Pursuant to 29 U.S.C. § 216 (b), the Court should, in addition to any judgment awarded to the Plaintiffs' Class, allow reasonable attorneys fees and costs of this action to be paid by the Defendants.

**ANSWER:**    Defendants deny.


24.    In order to bring this cause of action, it has become necessary for the Named Plaintiffs and will become necessary for other members of the Plaintiffs Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

**ANSWER:**    Defendants deny.


25.    There are questions of fact and law common to the class, which common questions predominate over any questions solely affecting individual members of the class, including but not limited to:

a.    Whether the Defendants unlawfully failed to pay overtime compensation in violation of the FLSA and IMWL;

b.    Whether the named Plaintiffs and members of the class are "exempt" employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of the FLSA and IMWL;

c.    Whether the Defendants employed the Named Plaintiffs and the class members within the meaning of the FLSA and IMWL;

d.    Whether the Defendants failed to keep accurate time records for all hours worked by the named Plaintiffs and the class members in violation of the FLSA and IMWL;

e.    The proper measure of damages sustained by the class;

f.    Whether the Defendants' violation of law constitutes oppressive, fraudulent, and/or malicious conduct sufficient to support an award of punitive damages; and

g.    Whether the Defendants' actions were willful.

**ANSWER:**    Defendants deny.


26.    The named Plaintiffs will fairly and adequately protect the interest of the class members and have retained counsel experienced in complex wage and hour class and collective action litigation.

**ANSWER**:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.


27.    A class action is superior to other available methods for the fair and efficient

8

adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a large corporate Defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

**ANSWER:**    Defendants deny.

## GENERAL FACTUAL ALLEGATIONS

28.    The allegations of Paragraphs 1 through 27 are incorporated as if fully stated herein.

**ANSWER:**    Defendants restate its answers for Paragraphs 1 through 27.

29.    At all pertinent times Plaintiff Prokopczuk satisfactorily performed his job duties for the Defendants.  He was paid an hourly wage.

**ANSWER:**    Defendants admit.

30.    At all pertinent times Plaintiff Wasco satisfactorily performed his job duties for the Defendants.  He was paid an hourly wage.

**ANSWER:**    Defendants admit.

31.    The Plaintiffs and the class they represent regularly worked in excess of forty (40) hours in a single work week.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.  Defendant further states the Plaintiffs, at times, worked over forty (40) hours in a workweek.

32.    On the occasions where the Plaintiffs and the class they represent worked more than forty (40) hours in a single work week for the Defendants, they were not paid for all the hours they worked in excess of forty (40) at a rate of one and one half times their regular rate of pay.

**ANSWER:**    Defendants admit.


33.    The Defendants were aware that the Named Plaintiffs and the class they represent do not receive overtime compensation for hours worked in excess of forty (40) in a single workweek.

**ANSWER:**    Defendants admit.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

34.    The Plaintiffs re allege and incorporate by reference the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

**ANSWER:**    Defendants restate its answers to Paragraphs 1 through 33.


35.    During their employment with the Defendants, within the Liability Period, the Named Plaintiff and the other class members worked in excess of forty (40) hours in a workweek for the Defendants without overtime compensation.

**ANSWER:**    Defendants admit.


36.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.,* and the Portal

to Portal Act, 29 U.S.C. § 251 *et. seq.*, the Plaintiffs, and all other plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one halftimes their regular rate of pay for all hours worked in excess of forty (40) in a single workweek during the two years preceding the filing of this Complaint.

**ANSWER:**    Defendants deny.


37.    The Defendants' failure to pay overtime compensation to the named Plaintiffs and the Class they represent at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek is a violation of the fair Labor Standards Act.

**ANSWER:**    Defendants deny.

## SECOND CLAIM FOR RELIEF
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

38.    The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs I through 37 as though fully set forth herein as paragraphs 1 through 37 of Count II.

**ANSWER:**    Defendants restate its answers to Paragraphs 1 through 37.


39.    The Defendants have, both in the past and presently, willfully failed to pay the Plaintiffs and the class they represent, for hours worked in excess of forty (40) hours per week at a rate equal to one and one half times their regular rate of pay, despite the fact that the Defendants knew, or should have known, of the requirements of the Fair labor Standards Act.

**ANSWER:**    Defendants deny.

40.     The Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER:**     Defendants deny.


41.     Pursuant to the Fair Labor Standards Act, the Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate of not less than one and one half times their regular rates of pay for all hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

**ANSWER:**     Defendants deny.


### THIRD CLAIM FOR RELIEF
### LIQUIDATED DAMAGES

42.     The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs I through 41 as though fully set forth herein as Paragraphs 1 through 41 of Count III.

**ANSWER:**     Defendants restate its answers to Paragraphs 1 through 41.


43.     In denying the Plaintiffs and members of the Plaintiffs' class compensation at a rate of one and one halftimes their regular rates of pay for hours worked over forty (40) in a single workweek, the Defendants' acts were not based upon good faith or reasonable grounds.

**ANSWER:**     Defendants deny.


44.     The Plaintiffs and all other similarly situated employees, past or present, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

**ANSWER:**     Defendants deny.


## FOURTH CLAIM FOR RELIEF VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

45.     The Plaintiffs allege and incorporate by reference the allegations contained in Paragraph 1 through 44 as though fully set forth herein as Paragraphs 1 through 44 of Count IV.

**ANSWER:**     Defendants restate its answers to Paragraphs 1 through 44.


46.     There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et. seq.* which requires employers to pay employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one halftimes the employee's regular hourly rate.

**ANSWER:**     Defendants admit.


47.     This Court has jurisdiction over the Illinois State claim by virtue of 29 U.S.C. § 1367.

**ANSWER:**     Defendants admit.


48.     Plaintiffs bring this cause of action as an individual and as a class action on behalf of themselves and all others similarly situated pursuant to 735/ILS 5/3-801.

**ANSWER:**     Defendants admit that Plaintiffs purport to bring an action as stated in paragraph 48.


49.     The class is defined as:

> "All persons employed by the Defendants within the last three years

who have worked over forty (40) hours in an individual workweek but were not paid overtime wages or who were incorrectly paid overtime wages under the Illinois Minimum Wage Law, 820 ILCS *105/1 et. seq.* ("IMWL").

**ANSWER:**    Defendants admit that Plaintiffs define the class as stated in Paragraph 49.

50.    The named Plaintiffs bring this cause on their own behalf and, pursuant to 735 ILCS 5/2 801 (1993), on behalf of all persons, or their representatives, as indicated above in the class definition.

**ANSWER:**    Defendants admit.

51.    The class that the named Plaintiffs seek to represent is so numerous that joinder of all members is impracticable.

**ANSWER:**    Defendants deny.

52.    There are questions of fact and law common to the class which common questions predominate over any questions affecting only individual members.

**ANSWER:**    Defendants deny.

53.    The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class.

**ANSWER:**    Defendants deny.

54.    The class action is an appropriate method for the fair and efficient adjudication of this controversy.

**ANSWER:**    Defendants deny.


55.    At all relevant times herein, the Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3 (c) and the Named Plaintiffs and the class they represent were 'employees" within the meaning of that Act.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.


56.    Pursuant to 820 ILCS 105/4(a), for all weeks in which the named Plaintiffs and the class they represent worked in excess of forty (40) hours, they were entitled to be compensated at one and one half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER:**    Defendants deny.


57.    The Defendants violated the Illinois Minimum Wage Law by refusing to compensate the Named Plaintiffs and the class they represent at their normal rate of pay for hours worked in excess of forty (40) hours per week. The Defendants failed and refused to pay the Named Plaintiffs and the class they represent overtime pay.

**ANSWER:**    Defendants deny.


58.    Pursuant to 820 ILCS 105/12(a), the Named Plaintiffs and the class they represent

are entitled to recover unpaid wages for three (3) years prior to the filing of this Complaint, plus punitive damages in an amount of two percent (2%) per month of the amount of the under payments.

**ANSWER:**    Defendants deny.


59.    The aforementioned Illinois statute also provides for a statute of limitations of three (3) years from the date of the underpayment of the wage, without qualification.

**ANSWER:**    Defendants admit.


60.    The aforementioned Illinois statute also provides for the Plaintiffs to recover the amount of the wage underpayment as well as costs and reasonable attorneys fees as may be allowed by the Court.

**ANSWER:**    Defendants admit the statute states what is alleged in Paragraph 60.


61.    The Defendants failure to pay the Named Plaintiffs and the class they represent time and one half for hours worked in excess of forty (40) in a single workweek is a violation of the Illinois Minimum Wage Law.

**ANSWER:**    Defendants deny.


## FIFTH CLAIM FOR RELIEF
## RETALIATION

62.    The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs 1 through 61 as though fully set forth herein as Paragraphs 1 through 61 of Count V.

**ANSWER:**    Defendants restate its answers to Paragraph 1 through 61.

63.    The Plaintiffs engaged in protected activity under the FLSA. For example, on May 1, 2008, Plaintiffs, on behalf of themselves and other plaintiffs similarly situated, filed a Complaint in the United States District Court for the Northern District of Illinois against the Defendants, A Warehouse on Wheels, Inc., and Kerry Fierke alleging violations of the Fair Labor Standards Act, 29 U.S.C. §251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and a class of similarly situated employees for all hours worked.

**ANSWER:**    Defendants admit that Plaintiffs purport it engaged in protected activity under the FLSA as stated in Paragraph 63.

64.    In filing his court complaint, as well as in other ways, Plaintiffs engaged in protected activity under the FLSA.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.    Defendants were aware that Plaintiffs engaged in protected activity.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66.    In retaliation for Plaintiffs protected activity under the FLSA, the Defendants have threatened the Plaintiffs and otherwise discriminated against them.

17

**ANSWER:**    Defendants deny.


67.    Defendants actions were willful, intentional and designed to retaliate against Plaintiffs for engaging in their protected activity.

**ANSWER:**    Defendants deny.


68.    Defendants, in threatening and discriminating against Plaintiffs, violated the anti-retaliation provision of the FLSA which makes it unlawful for any employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instated any proceedings older or related to this chapter..." 29 U.S.C. 215(a)(3).

**ANSWER:**    Defendants deny.


69.    The Plaintiffs were damaged as a result of Defendants' retaliation against them.

**ANSWER:**    Defendants deny.


## DEFENSES

1.    As and for its First Defense, Defendants assert that any and all decisions made regarding Plaintiffs' compensation, were predicated solely upon legitimate business reasons or otherwise for good cause and in any event were not willful.

2.    As for its Second Defense, Defendants assert that it paid Plaintiff all wages in accordance with the Fair Labor Standards Act and the Illinois Minimum Wage Law.

3.      As for its Third Defense, Defendants assert that it is exempt from overtime under the Fair Labor Standards Act in accordance with Section 213.

4.      As for its Fourth Defense, Defendants states that it has not violated either the Illinois Minimum Wage Law or the Fair Labor Standards Act in accordance with the Illinois Department of Labor.

5.      As for its Fifth Defense, Defendant states that it is a motor carrier as defined by both Federal and State law and therefore, exempt from payment of any overtime.

6.      As for its Sixth Defense, Defendants state that the Illinois Department of Labor, Fair Labor Standards Division has investigated Defendants and found no violations and further that Defendants are exempt as a "motor carrier." Report attached here as Exhibit A.

Defendants respectfully request that this Court dismiss Plaintiff's Complaint and award to Defendants its costs and any other relief that is just and equitable, as this Court deems appropriate.

Respectfully Submitted,

**A WAREHOUSE ON WHEELS, INC.,**
**an Illinois Corporation and KERRY FIERKE**

By:      s/ Sean F. Darke
            Sean F. Darke

Sean F. Darke, Esq.
WESSELS, PAUTSCH & SHERMAN P.C.
33 West Monroe Street, Suite 1120
Chicago, Illinois 60603
(312) 629-9300 (Telephone)
(312) 629-9300 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

**ILLINOIS DEPARTMENT OF LABOR**
Fair Labor Standards Division
160 N. LaSalle, Suite C-1300
Chicago, IL  60601
312/793-2804

| | |
|---|---|
| 1. Compliance Officer _McDonald_ | 2. Number _55_ |
| 3. File Number _07-A00817_ | 4. Type _3_ |

# INSPECTION REPORT

5. FEIN _36-3793875_

6. Name of Establishment _Warehouse On Wheels_

7. Address _12315 S. New Avenue_  _Lemont_  _60439_  _Will_
   Number    Street    City    Zip Code    County

8. Main Office Address

9. Individual Owner ☐   Partnership ☐   Corporation ☑   Other ☐ _____

10. Senior Official's Name _Kerry Fierke_   Position _Pres_

11. Person Interviewed Name _Misty Hansik_   Position _Off Mgr_

12. Nature of Business _Rent & sell trailer_   Liquor Served ? ☐ Yes   ☑ No

13. Time Records: ☐ Clock   ☐ Other (specify type) _____   ☐ None

14. Records Checked from _1-1-06_ to _6-14-08_ from ____ to ____ from ____ to ____

15. Total Employees _20_   Est. Phone Number _630-257-0112_

| | | | | |
|---|---|---|---|---|
| MINIMUM WAGE LAW: | In Compl: ✓ | | IND HOME WORK LAW: | In Compl: |
| CHILD LABOR LAW: | In Compl: ✓ | | STREET TRADE ACT: | In Compl: |
| SIX DAY WEEK LAW: | In Compl: ✓ | | OTHER | In Compl: |

16. THE FOLLOWING VIOLATIONS WERE FOUND.   IMMEDIATE CORRECTION IS REQUIRED BY LAW.

| Law | Section | # Violations | Description of Violations |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | _No violations cited_ |
| | | | _Exempt under Motor Carriers Act_ |
| | | | |
| | | | |

17. Publications Left: ☐ MW   ☐ CLL   ☐ 6 Day   ☐ IHW   ☑ Poster   ☐ Other

18. Compliance Officer's Signature _Nancy McDonald_

| | | |
|---|---|---|
| Insp. Began: Date ____ | Time ____ | Return Date ____   Time ____ |
| Return Date _6/20/08_ | Time _9ᵃA_ | End Date _6/30/08_   Time ____ |

19. I have been informed of the above findings and have been given a copy of same!

Signature/Title of Rep. Of Est. _MA Rai_

**EXHIBIT A**